Form 149

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Steven C. Sementelli**
Debtor(s)

Bankruptcy Case No.: 18−10849−TPA
Per Proceeding held 1/14/2020
Chapter: 13
Docket No.: 36 − 29, 30
Concil. Conf.: at

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED
AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.) PLAN CONFIRMATION:*

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated November 11, 2019 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☐ A.   For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B.   The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C.   Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on at , in .* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D.   Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E.   The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F.   shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☒ G.   The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: Quicken Loans Inc. (Claim No. 2) with payment changes implemented .

☒ H.   Additional Terms: JPMorgan Chase Bank, N.A. (Claim No. 3) shall be paid 18 payments of $257.63 each.

*(2.)    IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.    Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.    Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.    Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.    Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.    Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)* **IT IS FURTHER ORDERED THAT:**

**A.** After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.** Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.** Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty–one (21) days prior to the change taking effect.

**D.** Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016–1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.** The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre–confirmation defaults in any subsequent motion to dismiss.

**F.** In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: January 15, 2020

Thomas P. Agresti, Judge
United States Bankruptcy Court

cc: All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

```
In re:                                                          Case No. 18-10849-TPA
Steven C. Sementelli                                            Chapter 13
      Debtor
```

# CERTIFICATE OF NOTICE

```
District/off: 0315-1           User: jmar                  Page 1 of 2                  Date Rcvd: Jan 15, 2020
                               Form ID: 149                Total Noticed: 25
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 17, 2020.
```
db           +Steven C. Sementelli,    1820 West 56 Street,    Erie, PA 16509-1839
cr           +Tendto Credit Union, f/k/a Erie Community Credit U,     1915 East 36th Street,
               Erie, PA 16510-2663
14901813     +American Express/Macy's,    Bankruptcy Processing,     P.O. Box 8053,    Mason, OH 45040-8053
14901823     +Attn: Bankruptcy Dept.,    Tendto Credit Union,     P.O. Box 498181,    Cincinnati, OH 45249-7181
14901822      Attn: Bankruptcy Dept.,    Synchrony Bank/JCPenney,     P.O. Box 965060,    Orlando, FL 32896-5060
14901815      Attn: Bankruptcy Dept.,    Capital One Bank (USA), N.A.,     P.O. Box 30285,
               Salt Lake City, UT 84130-0285
14901819      Attn: Bankruptcy Dept.,    Northwest Bank,     P.O. Box 30495,    Tampa, FL 33630-3495
14901824     +Attn: Credit Department,    United Refining Company,     P.O. Box 599,    Warren, PA 16365-0599
14901814     +Best Buy Credit Services,     P.O. Box 790441,    St. Louis, MO 63179-0441
14941340     +Citibank, N.A.,   Citibank, N.A.,     701 East 60th Street North,    Sioux Falls, SD 57104-0493
14901816     +Citibank/Shell Oil,    Centralized Bankruptcy Operations,     P.O. Box 790034,
               St. Louis, MO 63179-0034
14901817     +Citicorp Credit Services,     Centralized Bankruptcy Operations,     P.O. Box 790040,
               St. Louis, MO 63179-0040
14917548      JPMorgan Chase Bank, N.A.,     National Bankruptcy Department,     P.O. Box 901032,
               Ft. Worth TX 76101-2032
14931712     +Northwest Bank,    PO Box 337,    Warren PA 16365-0337
14901820      Quicken Loans, Inc.,    P.O. Box 442359,    Detroit, MI 48244-2359
14920722     +Tendto Credit Union,    f/k/a Erie Community Credit Union,
               c/o Carol F. Messenger, Payment Solution,     1915 East 36th Street,    Erie, PA 16510-2663
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
14919947      E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Jan 16 2020 04:20:47
               Capital One Bank (USA), N.A.,    PO Box 71083,    Charlotte, NC 28272-1083
14941339      E-mail/Text: bnc-quantum@quantum3group.com Jan 16 2020 04:25:43
               Department Stores National Bank,    c/o Quantum3 Group LLC,    PO Box 657,
               Kirkland, WA 98083-0657
14904811      E-mail/Text: mrdiscen@discover.com Jan 16 2020 04:24:54     Discover Bank,
               Discover Products Inc,    PO Box 3025,    New Albany, OH 43054-3025
14901818      E-mail/Text: mrdiscen@discover.com Jan 16 2020 04:24:54     Discover Financial Services,
               P.O. Box 3025,    New Albany, OH 43054-3025
14940329      E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jan 16 2020 04:19:57
               Portfolio Recovery Associates, LLC,    POB 12914,    Norfolk VA 23541
14902460     +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jan 16 2020 04:19:56
               PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
14912806     +E-mail/Text: bankruptcyteam@quickenloans.com Jan 16 2020 04:27:11     Quicken Loans Inc.,
               635 Woodward Avenue,    Detroit, MI 48226-3408
14901821      E-mail/Text: bk.notifications@jpmchase.com Jan 16 2020 04:25:35     Subaru Motors Finance,
               c/o Chase Auto Finance,    P.O. Box 901076,    Fort Worth, TX 76101-2076
14901825     +E-mail/Text: collections@widgetfinancial.com Jan 16 2020 04:26:32     Widget Financial,
               2154 East Lake Road,    Erie, PA 16511-1140
                                                                                              TOTAL: 9
```

```
             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr            JPMorgan Chase Bank, N.A.
cr            Quicken Loans Inc.
cr*          +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                        TOTALS: 2, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 17, 2020                                  Signature:   /s/Joseph Speetjens

```
District/off: 0315-1          User: jmar                Page 2 of 2               Date Rcvd: Jan 15, 2020
                              Form ID: 149              Total Noticed: 25
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 15, 2020 at the address(es) listed below:
              James    Warmbrodt     on behalf of Creditor    Quicken Loans Inc. bkgroup@kmllawgroup.com
              Karina    Velter     on behalf of Creditor    JPMorgan Chase Bank, N.A. amps@manleydeas.com
              Michael J. Graml     on behalf of Debtor Steven C. Sementelli mattorney@neo.rr.com,
               mjgraml@verizon.net
              Nicholas R. Pagliari     on behalf of Creditor    Tendto Credit Union, f/k/a Erie Community Credit
               Union npagliari@mijb.com,     sburick@mijb.com
              Office of the United States Trustee     ustpregion03.pi.ecf@usdoj.gov
              Ronda J. Winnecour     cmecf@chapter13trusteewdpa.com
                                                                                             TOTAL: 6
```